# KINSMAN *v.* STROHM.

---

PATENTS; INTERFERENCE; DISCLOSURE; DILIGENCE; ABUSE OF DISCRETION.

1. Disclosure is not sufficiently shown by one of the parties to an interference, when his witnesses testify that only part of the combination of the issue was disclosed to them, even if the part disclosed was the only novel element, and the remaining parts of the combination were well-known devices operating on well-known principles, and the witnesses knew the results the party desired to accomplish, where there is nothing to show that either the party or his witnesses knew what old elements should be combined, or how they should be combined, with the novel elements to accomplish such result.

2. Where one of the parties to an interference delayed four or five years filing his application, during which time the other party entered the

field and filed an application, he is not entitled to an award of priority, because of his lack of diligence, even if he has shown a prior conception and reduction to practice.

3. In the absence of abuse of discretion on the part of the Commissioner of Patents, his action in overruling a motion by one of the parties to an interference to strike the other party's application from the files because its reinstatement, following an abandonment for failure to prosecute, was obtained by fraud, will not be reviewed by this court. (Following *Richards* v. *Meissner,* 24 App. D. C. 309; *Re E. C. Atkins & Co.* 29 App. D. C. 385 and *American Stove Co.* v. *Detroit Stove Works, ante,* 304.

No. 487.   Patent Appeals.   Submitted May 12, 1908.   Decided June 9, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.      *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles S. Champion, Mr. Charles J. O'Neill, Mr. Edmund L. Mooney* and *Mr. John Francis Heffernan* for the appellant.

*Mr. T. A. Connolly* and *Mr. J. B. Connolly* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In this case, Frank E. Kinsman, the junior party, seeks to reverse the decision of the Commissioner of Patents awarding priority of invention to Samuel D. Strohm, the senior party. The issue is contained in the following counts:

"1. The combination, substantially as described, with an electrically propelled vehicle and a driving motor therefor, of a manual device acting on a controlling switch for governing the speed or power of such electric motor, an electric switch governing the action of said motor and controlled independently of said manual device and irrespective of the position of the latter, an electro magnet governing said switch, and means upon

the permanent way for bringing said magnet into operation when the car or vehicle passes a given point."

"2. The combination, substantially as described, with an electrically propelled vehicle and its propelling electric motor, of a manual device such as a handle, acting on suitable electric controlling apparatus for governing the speed or movement of the motor at will, an electric switch controlled independently of said manual device, and governing the circuit of said motor, an electric magnet carried by said vehicle and governing said switch, and means upon the roadbed or permanent way for governing the circuit of said magnet."

"3. The combination, substantially as described, with an electrically propelled vehicle and its propelling motor, of a manual device such as a handle, acting on an electric controller for governing the speed or power of said motor, an electric switch governing a circuit of said motor and controllable independently of said manual device, an electro magnet energized from the roadbed when the vehicle passes a certain point thereon, for governing said switch, and a braking appliance brought into operation simultaneously with the action of said independently controllable switch, as and for the purpose described."

The subject-matter of this interference is a means for automatically stopping electrically propelled vehicles. Strohm has taken no testimony, and is therefore restricted to his filing date, August 29, 1891, as his date of conception and reduction to practice.

In Kinsman's preliminary statement he alleged conception of the invention in 1886 or 1887, and reduction to practice of certain elements of the invention in 1890. The Patent Office thereupon objected to this preliminary statement, on the ground that it was too indefinite. An opportunity was given Kinsman to amend, but he failed to embrace it. He testifies that between May, 1890, and November, 1891, he experimented with different forms of automatic stopping devices on the Fitchburg railroad, at Ayer Junction, Mass. These devices were all used in connection with a steam locomotive. See *Kinsman* v. *Kintner,*

*ante*, 293. He says, however, that he then had a spindle or wheel made for use in electrical experiments, and was thereby enabled to determine how long a contact was necessary to energize a magnet designed to operate the automatic cut-off of the power circuit.

The Commissioner says of this testimony: "Upon the questions of conception and disclosure the testimony of Kinsman is supported by two witnesses, a brother, A. M. Kinsman, and J. B. Collins, the latter having been the one selected by Kinsman to assist him in carrying out his early experimental work. Most of the testimony of Collins relates to installations of signaling systems on steam roads, which involved cutting off the steam and the application of brakes, while the issue specifically calls for a combination of electrically operated devices of an electrically equipped system. He states, however, that Kinsman had the idea of adapting the same devices to electrically propelled vehicles, and that under Kinsman's instruction he made a trolley wheel and harp for use in such combination. But this is the extent of the disclosure made to Collins, according to his testimony; and as this is but a part of the combination of the issue, it seems too clear for argument that it cannot be regarded as a sufficient disclosure of the entire combination. The sufficiency of this disclosure is urged on the ground that the part of the combination actually disclosed was the only novel element, and that the remaining parts of the combination were well-known devices operating on well-known principles. It may be true that the elements disclosed were the only novel elements, and that Collins knew the result which Kinsman desired to accomplish; but there is nothing to prove that either Kinsman or Collins knew what old elements should be combined, or how they should be combined, with these novel elements to accomplish such result. A. M. Kinsman testifies that his brother disclosed to him in 1886 or 1887 an invention for automatically stopping electrically operated trains, but he is unable to recall any details except, that he was shown a sketch of a trolley wire and wheel having wires coming down on both sides or on one side of the car. For the reasons above stated

in discussing the testimony of Collins, this testimony is clearly insufficient to prove a disclosure by Kinsman of the specific combination of the issue. It is clear that Kinsman's record fails to prove a conception of the invention prior to Strohm's filing date. But even if the testimony be regarded as sufficient for this purpose, Kinsman would still not be entitled to prevail, since he has utterly failed to show diligence thereafter in the filing of his application."

We are constrained to adopt the view of each of the three tribunals of the Patent Office, that Kinsman's testimony falls short of proving a conception of the invention prior to Strohm's filing date. Moreover, as stated by each of the three tribunals, the testimony fails to show diligence on the part of Kinsman at or about the time Strohm entered the field. This would defeat him, even though it should be held that he was the first to conceive and reduce to practice.

The contention is made on behalf of Kinsman that the Commissioner erred in not striking Strohm's application from the files. It appears that during its pendency in the Office the application became abandoned by failure to prosecute, and that upon proper showing it was subsequently reinstated by the Commissioner. Kinsman based his motion to strike Strohm's application from the files on the ground that its reinstatement was obtained through fraud. The testimony bearing on this question was carefully considered by the Commissioner, and held not to sustain Kinsman's contention. We are satisfied that there has been no abuse of power on the part of the Commissioner in respect to this motion, and therefore decline to interfere with the exercise of his discretion. *Re E. C. Atkins & Co.* 29 App. D. C. 385; *Richards* v. *Meissner,* 24 App. D. C. 309; *American Stove Co.* v. *Detroit Stove Works, ante,* 304.

The decision of the Commissioner awarding priority of invention to Strohm is affirmed. The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, in accordance with law. *Affirmed.*